UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

BELL                              CIVIL ACTION 08-0084

VERSUS                            U.S. DISTRICT JUDGE DEE D. DRELL

J. C. PENNEY, et al               U.S. MAGISTRATE JUDGE JAMES D. KIRK

REPORT AND RECOMMENDATION

Before the court is a Motion for Summary Judgment, **Doc. # 22,** supplemental motion for summary judgment, **Doc. #32**, and Daubert motion, **Doc. #37** filed by defendants, J. C. Penney and AIG, referred to me by the district judge for Report and Recommendation.

Plaintiff sues for damages as a result of a slip and fall accident while she was Christmas shopping at Penney's on December 21, 2006. She claims she was in the lingerie department when she slipped on what she believes was cellophane packaging material on the carpeted floor. As a result of the accident she suffered a displaced distal radius fracture which required surgery including insertion of plates and screws.

In the motion for summary judgment, doc. #22, defendants argue that there is no evidence that Penney either created the

1

hazard on the floor or was aware of it prior to the accident.

In the supplemental motion for summary judgment, doc. #32, defendants seek a finding that plaintiff's complaints of muscle weakness, neurological disability, numbness and tingling, or any other nerve-related problem involving her left hand and wrist, and/or permanent disability involving the left wrist are not medically related to the accident.

In the Daubert motion, doc. #37, defendants seek to exclude the testimony of plaintiffs' economist, Dr. Christensen, as not being based on a reliable factual foundation.

## Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure mandates that a summary judgment:

> "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, [submitted concerning the motion for summary judgment], if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Paragraph (e) of Rule 56 also provides the following:

> "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of

the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party."

Local Rule 56.2W also provides that all material facts set forth in a statement of undisputed facts submitted by the moving party will be deemed admitted for purposes of a motion for summary judgment unless the opposing party controverts those facts by filing a short and concise statement of material facts as to which that party contends there exists a genuine issue to be tried.

A party seeking summary judgment always bears the initial burden of informing the court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 106 S.Ct. 2548 at 2552; International Ass'n. of Machinists & Aerospace Workers, Lodge No. 2504 v. Intercontinental Mfg. Co., Inc., 812 F.2d 219, 222 (5th Cir. 1987). However, movant need not negate the elements of the nonmovant's case. Little v. Liquid Air

Corporation, 37 F.3d 1069, (5th Cir. 1994). Once this burden has been met, the non-moving party must come forward with "specific facts showing that there is a genuine issue for trial." Izen v. Catalina 382 F.3d 566 (5th Cir. 2004); Fed. R. Civ. P. 56(e). All evidence must be considered, but the court does not make credibility determinations. If the movant fails to meet its initial burden, summary judgment should be denied. Little, 37 F.3d at 1075.

However, the non-movant, to avoid summary judgment as to an issue on which it would bear the burden of proof at trial, may not rest on the allegations of its pleadings but must come forward with proper summary judgment evidence sufficient to sustain a verdict in its favor on that issue. Austin v. Will-Burt Company, 361 F. 3d 862, (5th Cir. 2004). This burden is not satisfied with "some metaphysical doubt as to the material facts," by "conclusory allegations," by "unsubstantiated assertions," or by only a "scintilla" of evidence. Little, id.

In cases like the instant one, where the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the "pleadings, depositions, answers to interrogatories, and admissions on file." Celotex at 2553.

### Analysis-Motion for Summary Judgment, doc. #22

A merchant's liability for accidents such as this one is

governed by the provisions of LSA-R.S. 9:2800.6 which provides, in pertinent part:

> A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
>
> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable; and
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence; and
>
> (3) The merchant failed to exercise reasonable care. * * *

The defendants suggest that at the time of the accident

plaintiff tried to squeeze through an area not designated as a walkway and that she told a store employee that she had tripped on a tablecloth. Either way–whether a tablecloth or cellophane, defendants suggest that plaintiff has failed to present evidence that defendants either created the hazard or knew about it. Plaintiff argues that, being a former store employee, she "knows" that the cellophane was store packaging and thus was necessarily placed there by the store. Plaintiff points to evidence that the store had restocked the area earlier on the day of the accident.

Defendants have filed a boiler-plate brief reciting the holdings of various cases.[1] Although 52 pages of exhibits consisting of portions of depositions are attached to the motion, there is not a single reference to a page number of any of the attachments. The court does not represent defendants and will not comb the record for evidence in support of their motion.

Further, whether the accident was caused by a tablecloth or by a foreign object on the floor, there exist genuine issues of material fact whether the store placed the items there or knew or should have known they were there. If the accident was caused by a tablecloth it is virtually certain that the store placed it there. If it was caused by cellophane packaging, there is evidence that items for sale do come in such packaging and that

---

[1] One page of the brief makes reference to the "shelving" and to "Dollar General". Neither is involved in this case.

the area had been restocked earlier that same day.

For the foregoing reasons, I find that there are genuine issues of material fact and the motion should be DENIED.

<u>Analysis</u>-<u>Suppl. Motion for Summary Judgment, doc. #32</u>

Defendants argue that plaintiff's injuries preexisted the accident according to the testimony of the treating physicians, Drs. Dodson and Taylor. Defendants point out that Dr. Taylor testified that it is "highly, highly, highly unlikely" that the fall could have caused a nerve root lesion of the type he identified. Defendants also argue that the <u>Housley</u>[2] presumption does not apply where the plaintiff was not in good health prior to the accident. Once again, defendants make no specific reference to any of the deposition pages attached to their motion and, apparently, expect the court to scour the depositions for evidence which supports their views of the case.

Plaintiffs point to deposition testimony that the accident increased the chance of significant symptoms from carpal tunnel, and increased the chance of developing arthritis. They also point to Dr. Taylor's testimony that if there was a preexisting medial nerve injury and a fracture was superimposed on it, "there's a high likelihood that you could make that [the] pre-existing

---

[2] <u>Housley v. Cerise</u>, 579 So.2d 973 (La. 1991). "[A] claimant's disability is presumed to have resulted from an accident, if before the accident the injured person was in good health, but commencing with the accident the symptoms of the disabling condition appear and continuously manifest themselves afterwards, providing that the medical evidence shows there to be a reasonable possibility of causal connection between the accident and the disabling condition."

7

median would get worse . . . ." Finally Dr. Taylor explained that the extent of the injury depends on the mechanics of the fall.

These medical issues are not appropriate for summary judgment. There are obvious genuine issues of material fact with respect to the relationship between plaintiff's complaints and her injuries as a result of the fall, her preexisting conditions, and the extent to which they might have been aggravated by the fall.  Summary judgment should be denied.

Analysis-Motion to exclude expert testimony

Defendants argue that plaintiffs' expert economist, Dr. Christensen, should be excluded because his one-paragraph report is based on plaintiff's own testimony of her lost wages rather than "actual wage records", because his testimony is not based on the opinions of any vocational rehabilitation expert, and because there is no medical evidence as to plaintiff's limitations.

As defendant correctly points out, under FRE 702, an expert's testimony must be based on sufficient facts. Plaintiff's testimony is a sufficient factual basis for the expert's opinions to be admitted. The trier of fact, however, is entitled to accept or reject the plaintiff's self-serving testimony and, in turn, any expert economic testimony based on it. As plaintiffs point out, [i]t is "the role of the adversarial system, not the court, to highlight weak evidence." Primrose Oper. Co. v. Nat'l. Am. Ins. Co., 382 F.3d 1074, 1077 (5th C. 1996). Nor is there a

requirement that vocational rehabilitation testimony be presented in every case. It is entirely proper for the expert to base his report on the assumption that plaintiff has medical and thus work limitations-otherwise, his testimony would be immaterial. However, if at trial, there is no testimony supporting that assumption, then the district judge can consider excluding Dr. Christensen's testimony at that time. It should not be excluded now; therefore, the motion should be denied.

For the foregoing reasons, IT IS RECOMMENDED that the motion for summary judgment, Doc. #22, and supplemental motion for summary judgment, doc. #32, as well as the Daubert motion to exclude Dr. Christensen's testimony, doc. #37, should all be DENIED.

**OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling.

9

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

September 24, 2009.

/s/ James D. Kirk
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE